# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**Phyllis Ann Turnbow**                                                                                    **Plaintiff**

**No. 3:13CV00083-JTR**

**Carolyn W. Colvin, Acting Commissioner,**                                              **Defendant**
**Social Security Administration**

### MEMORANDUM AND ORDER AFFIRMING THE COMMISSIONER

Phyllis Ann Turnbow seeks judicial review of the denial of her application for supplemental security income (SSI).[1]  Turnbow initially based disability on thyroid disease, depression, and panic attacks,[2] but she now relies solely on mental impairment. She alleged disability beginning in November 2001, but she wasn't eligible for SSI before she applied on July 28, 2010.[3]

**The Commissioner's decision**.  After considering Turnbow's application, the Commissioner's ALJ determined Turnbow has severe impairments — hypothyroidism, hypertension, anxiety disorder, and depressive disorder[4] — but she can do unskilled work at all exertional levels.[5]  Because a vocational expert identified available unskilled

---

[1] SSA record at p. 100.

[2] *Id*. at p. 122.

[3] *See* 20 C.F.R. § 416.335; *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[4] SSA record at p. 11.

[5] *Id*. at p. 13.

work, the ALJ determined that Turnbow is not disabled under the Social Security Act and denied the application.[6]

After the Commissioner's Appeals Council denied a request for review,[7] the decision became a final decision for judicial review.[8]  Turnbow filed this case to challenge the decision.[9]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[10]

**Turnbow's allegations**.  Turnbow challenges the ALJ's determination about mental impairment.[11]  She contends the ALJ failed to consider all of her impairments. She claims, that considered in combination, her impairments are severe enough to show

---

[6]*Id*. at pp. 20-21.

[7]*Id*. at p. 1.

[8]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[9]Docket entry # 1.

[10]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[11]Docket entry # 11.

she is disabled. She contends the ALJ should have asked a treating physician about her ability to work or ordered a consultative mental evaluation. She maintains substantial evidence does not support the decision.

**Whether substantial evidence exists**. Substantial evidence exists if a reasonable mind would accept the evidence as adequate to support a determination.[12] The determination at issue in this case is Turnbow's ability to work. The ALJ determined that Turnbow can work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables; requires little independent judgment; requires simple, direct, concrete supervision; does not involve the general public; and does not involve constant pressure or stress.[13] The question before the court is whether a reasonable mind would accept the evidence as adequate to show Turnbow can work within these parameters.

The ALJ's determination about a claimant's ability to work must be supported by medical evidence; a claimant's subjective allegations are not enough to prove she is disabled.[14] Therein lies the problem for Turnbow; she relies on little more than her allegations. She claims numerous mental impairments, but the medical evidence reflects

---

[12]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[13]SSA record at p. 13.

[14]42 U.S.C. § 423 (d)(5(A); *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003); 20 C.F.R. § 416.908.

episodic complaints of depression and anxiety, and two efforts toward treatment.

In December 2009 — seven months before she applied for SSI — Turnbow presented to a mental health provider in order to obtain her driver's license.[15] According to Turnbow, she lost her license after driving under the influence of a psychotropic drug. She later explained that it took her two years to get her license back because she refused to attend drug rehabilitation.[16] She did not return for treatment.

Eighteen months later — six weeks before her hearing — Turnbow returned to the same mental health provider and complained about mood swings and depression.[17] She explained that her PCP prescribed psychotropic drugs.[18] According to Turnbow, the prescribed medication generally controls her symptoms.[19] "An impairment which can be controlled by treatment or medication is not considered disabling."[20] Turnbow attended one psychotherapy session.[21] She testified that she did not return due to

---

[15] SSA record at p. 180.

[16] *Id.* at p. 287.

[17] *Id.* at p. 270.

[18] *Id.* at p. 271.

[19] *Id. See also id.* at pp. 180, 185 & 272.

[20] *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[21] SSA record at p. 280.

financial constraints.[22]

Turnbow may lack financial resources, but the timing of her efforts to obtain mental health treatment casts doubt on her motivation and credibility. Treatment notes associated with her brief encounters with a mental health provider provide no "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the…symptoms alleged and which…would lead to a conclusion that [Turnbow] is under a disability."[23]

Although the scant medical evidence does not implicate a serious mental impairment, the ALJ ordered a mental diagnostic evaluation.[24] The examiner diagnosed depressive disorder, anxiety disorder, and alcohol abuse.[25] According to the examiner, Turnbow appears capable of: (1) communicating in an intelligible and effective manner, (2) coping with the typical mental demands of basic work like tasks, (3) attending to and sustaining concentration on basic tasks, and (4) sustaining persistence in completing

---

[22]*Id*. at pp. 36 & 43.

[23]42 U.S.C. § 423 (d)(5(A) (requiring medical evidence for a determination of disability). *See also* 20 C.F.R. § 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.").

[24]SSA record at p. 285.

[25]*Id*. at p. 290.

work-like tasks within an acceptable time frame.[26] Medical experts opined that Turnbow can work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables; requires little independent judgment; and supervision required is simple, direct, and concrete.[27] A reasonable mind would accept the evidence as adequate to show Turnbow can work within the defined parameters because: (1) the ALJ adopted the experts' limitations, (2) the ALJ excluded work involving constant pressure or stress, and (3) no medical evidence shows symptoms preventing Turnbow from working within the parameters.

The ALJ asked a vocational expert about available work involving the defined parameters. The vocational expert identified hospital cleaner and housekeeping.[28] Turnbow reported that she is a good housekeeper.[29] She cleans her sisters' homes.[30] A reasonable mind would accept the vocational evidence as adequate to show work exists that Turnbow can do regardless of whether such work exists where she lives, whether

---

[26]*Id*. at p. 291-92.

[27]*Id*. at pp. 192 & 223.

[28]*Id*. at p. 45.

[29]*Id*. at p. 272.

[30]*Id*. at pp. 35 & 169.

a job vacancy exists, or whether she would be hired if she applied for work.[31]  Because such work exists, Turnbow is not disabled under social security disability law.

**Conclusion**.   Substantial evidence supports the ALJ's decision denying Turnbow's application.  The ALJ made no legal error.  The ALJ adequately developed the record as to mental impairment and considered all of the medical evidence, but that evidence does not support Turnbow's claim.  For these reasons, the court DENIES the request for relief (docket entry # 2) and AFFIRMS the decision denying the application.

It is so ordered this 12th day of August, 2014.

_____
United States Magistrate Judge

---

[31] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).